UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ROBERT O'DELL, an individual,

    Plaintiff,

vs.

INTERACTIVE DATA, LLC, a Georgia Limited Liability
Company, and RED VIOLET, INC., a Delaware Corporation,

    Defendants.
_____/

**COMPLAINT**

1. Plaintiff, ROBERT O'DELL (hereinafter referred to as "Plaintiff" and "O'DELL"), was an employee of Defendants, INTERACTIVE DATA, LLC, a Georgia Limited Liability Company, and RED VIOLET, INC., a Delaware Corporation (collectively referred to "Defendants"), and brings this action against Defendants for alleged interference and retaliation violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq*.

2. At all times material to this action, O'DELL has been an individual residing in Palm Beach County, Florida, within the jurisdiction of this Court.

3. At all times material to this action, Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., have owned and operated a business at multiple locations across the United States specializing in selling business-to-business background data to customers throughout the country, with corporate offices that have included locations in New York and Florida, including but not necessarily limited to the location at 2650 N. Military Trail, Suite 300, Boca Raton,

Florida 33431 in Palm Beach County, Florida, at which O'DELL was employed by Defendants as a Sales Manager.

    4.    At all times material to this Complaint, Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., directly or indirectly, acted in the interest of an employer toward O'DELL, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of O'DELL because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff. As a second alternative, Defendants, INTERACTIVE DATA, LLC AND RED VIOLET, INC., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of O'DELL because they commonly controlled the terms of compensation and employment of Plaintiff. As a final alternative, Defendants, INTERACTIVE DATA, LLC  RED VIOLET, INC., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward O'DELL all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

    5.    Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 29 U.S.C. §2601.

    6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Palm Beach County, within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

7. Between approximately February 2015 and August 2016, O'DELL was employed Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., in Boca Raton, Florida as a Senior Account Executive.

8. Between approximately September 2016 and May 2018, O'DELL was employed Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC, in Boca Raton, Florida as a Sales Manager.

9. After briefly leaving for another job for a few months in June 2018, O'DELL resumed working for Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., in December 2018.

10. Between December 2018 and July 2021, O'DELL was employed by Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., as a Sales Manager in Defendants' Boca Raton, Florida office.

11. Between approximately December 2018 and July 2021, O'DELL satisfactorily performed his primary duties as a Sales Manager for Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.

12. During O'DELL's final full year of employment with Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., during the calendar year 2020, Plaintiff was paid overall gross wages from Defendants (between Plaintiff's base salary and commissions) in the amount of $134,496.13.

13. Similarly, between January 2021 and July 2021, O'DELL was paid overall gross wages from Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., in the amount of $80,179.72 between: (a) $37,917.10 in base salaried wages; (b) $36,855.12 in commissions; and (c) $5,407.50 from stock compensation.

14. At all times material to this Complaint, Defendants, INTERACTIVE DATA, LLC AND RED VIOLET, INC., were engaged in an industry affecting commerce and had Fifty (50) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year, such that INTERACTIVE DATA, LLC AND RED VIOLET, INC., individually and/or collectively, constitute an employer within the meaning of the FMLA, 29 U.S.C. §2611(4), §2612, §2614(a), §2615(a)(1) and §2617(a).

15. O'DELL worked more than 1,250 hours for Defendants during the twelve (12) month period leading up to July 2021, such that O'DELL was, at all times material to this action, an eligible employee under the FMLA, 29 U.S.C. §2611(2), §2612, §2614(a), §2615(a)(1), and §2617(a).

16. In approximately November 2020, after O'DELL attended an out-of-town wedding in Rhode Island for another employee of Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., Plaintiff took a COVID-19 test and provided the negative test result to Ana Williams, HR Director for RED VIOLET, INC. in Boca Raton, Florida as part of Plaintiff returning to work inside Defendants' Boca Raton office.[1]

17. Throughout the course of time between approximately November 2020 and July 2021, numerous employees of Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., who worked with and around O'DELL in Defendants' Boca Raton office tested positive for COVID-19, including but not limited to approximately four (4) other sales employees who tested positive for COVID-19 in approximately late July 2021.

---

[1] In addition, there were several occasions between approximately May/June 2020 and July 2021 on which O'DELL was tested for COVID-19 pursuant to Defendants' COVID-19 policy and protocols in order to return to work inside Defendants' Boca Raton office and Plaintiff followed the policy and protocols each time.

18. Significantly, management of Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., failed to notify O'DELL and other employees in Defendants' Boca Raton office in July 2021 that co-workers had tested positive for COVID-19 in late July 2021, as a result of which Plaintiff had unknowingly been working in Defendants' office while Plaintiff was exposed to contracting COVID-19 from other employees of Defendants.

19. On or around July 26, 2021, pursuant to Defendants' COVID-19 policy and protocols, O'DELL notified Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., that Plaintiff was leaving the Boca Raton office and would be working from home for the remainder of the day because Plaintiff was experiencing a cough, severe migraines, and an achy body, as part of which Plaintiff subsequently developed a fever in the evening of July 26, 2021.

20. The following day on or around July 27, 2021, O'DELL took a COVID-19 test in an effort to confirm whether Plaintiff had contracted COVID-19, and after learning this test was positive for COVID-19, Plaintiff promptly notified Defendants' HR Director, Ana Williams, of the positive test result pursuant to Defendants' COVID-19 policy and protocols.

21. On or around July 29, 2021, O'DELL notified his direct supervisor, Scott Smith, Vice President of Sales for Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., that Plaintiff was also diagnosed with pneumonia.

22. Later on July 29, 2021, Ana Williams, HR Director for RED VIOLET, INC., called O'DELL requesting a call back, and within approximately one hour, Williams notified Plaintiff that Defendants made a decision to immediately terminate O'DELL's employment.

23. Notably, O'DELL asked Williams on July 29, 2021 for any reason(s) why Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., were terminating Plaintiff's

employment, in response to which Williams informed Plaintiff that he was being fired for purportedly violating Defendants' COVID-19 company protocols.

24. O'DELL requested on July 29, 2021 that Williams provide Plaintiff with information in writing documenting the reason(s) for his termination, in response to which Williams sent Plaintiff an e-mail on July 29, 2021 from the e-mail address awilliams@redviolet.com, which e-mail is attached hereto as Exhibit A, containing purported reasons for the termination of Plaintiff's employment.

25. O'DELL was eligible for and entitled to FMLA leave in July 2021 from his employment with Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., pursuant to 29 U.S.C. §2612(a)(1)(C) because of one or more serious health conditions including but not necessarily limited to Plaintiff's: (i) COVID-19; and (ii) pneumonia.

26. Between approximately July 29, 2021 and August 18, 2021, O'DELL was severely ill because of COVID-19 and pneumonia, including but not necessarily limited to Plaintiff suffering from a high fever, flu-symptoms, migraines, as a result of all of which Plaintiff was required to quarantine for approximately three (3) weeks.

27. O'DELL's pneumonia and COVID-19 related medical conditions constitute one or more "serious health conditions" within the meaning of the FMLA, 29 U.S.C. §2612(a)(1)(D).

28. When O'DELL notified Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., in July 2021 of the reasons for Plaintiff's need to take time off from work in connection with COVID-19 and Plaintiff suffering from pneumonia, O'DELL provided Defendants with sufficient information for Defendants to understand that O'DELL needed and was entitled to leave for FMLA-qualifying reasons in accordance with the FMLA, 29 C.F.R. §825.302.

29. However, although Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., were aware in July 2021 of the facts and circumstances surrounding O'DELL's need for medical leave for FMLA-qualifying reasons—or at a minimum, that Plaintiff's need for time off "may be for" an FMLA-qualifying reason—Defendants failed to notify O'DELL of his eligibility for this time off to be FMLA-protected leave, as required by the FMLA, 29 C.F.R. §825.300(b)(1), as a result of which Defendants interfered with O'DELL'S right to FMLA-protected leave in July 2021.

30. The reasons proffered by Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., in July 2021 for the termination of O'DELL's employment were false and were discriminatory and retaliatory as a result of O'DELL needing to take time off for one or more serious health conditions in violation of FMLA.

## COUNT I
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff, ROBERT O'DELL, reasserts and reaffirms the allegations of Paragraphs 1 through 30 and further states that this is an action against Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., for Interference in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

31. The FMLA, 29 U.S.C. §2615(a)(1), provides that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under 29 U.S.C. §2611, *et seq*.

32. Under the FMLA, when the timing of an employee's need for FMLA leave is not foreseeable, an employee is only required provide notice to his employer "as soon as practicable under the facts and circumstances of the particular case." 29 CFR §825.303(a).

33. Similarly, where an emergency condition requires leave because of an FMLA-qualifying reason, written advance notice pursuant to an employer's standard rules and procedures is not required when medical leave is involved. 29 CFR §825.303(c).

34. In July 2021, O'DELL provided Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., with sufficient facts and notice of his need for medical leave due to Plaintiff's serious health conditions.

35. On multiple occasions in late July 2021, O'DELL exercised, and/or attempted to exercise, rights guaranteed under and protected by the FMLA, 29 U.S.C. §§2612(a)(1)(D), while in the course of his employment with Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.

36. O'DELL's pneumonia and COVID-19 related medical conditions constitute one or more "serious health conditions" within the meaning of the FMLA, 29 U.S.C. §2612(a)(1)(D).

37. By exercising and/or attempting to exercise his rights under the FMLA on multiple occasions in late July 2021 during the course of his employment with Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., including but not necessarily limited to O'DELL's right to medical leave under the FMLA from his employment with Defendants, O'DELL engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq.*, triggering the protections of the FMLA, specifically including but not limited to O'DELL's rights pursuant to: (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to his position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon his return from leave.

38. Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., interfered with O'DELL's right to take medical leave in July 2021 under the FMLA for one or more serious health conditions when Defendants had knowledge of O'DELL's exercise and/or attempted exercise of rights guaranteed under and protected by the FMLA, in violation of 29 U.S.C. 2615(a)(1).

39. Moreover, FIRSTSERVICE RESIDENTIAL disregarded Defendants' obligations as an employer under the FMLA by, *inter alia*, failing to inform O'DELL that his medically-related absences between approximately January 1, 2020 and January 7, 2020 were, or may have been, for an FMLA-qualifying reason, in violation of 29 C.F.R. §825.300(b), which regulation requires that when an employee requests FMLA leave, or when an employer acquires knowledge that an employee's leave may be for an FMLA qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five (5) business days, including providing the employee with a formal notice indicating, *inter alia*, whether the employee is eligible for FMLA leave as defined by the law.

40. On or around July 29, 2021, Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., interfered with O'DELL's rights under the FMLA when Defendants unlawfully terminated O'DELL's employment in violation of 29 U.S.C. §2612(a)(1)(D) for reasons which were discriminatory and pretextual and at a point when O'DELL had not exhausted twelve (12) workweeks of medical leave which O'DELL was entitled to under the FMLA because of his "serious health conditions."

41. As a result of Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.'s, violations of O'DELL's rights protected by the FMLA, O'DELL has suffered damages including but not necessarily limited to unpaid wages and lost employment benefits.

42. Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.'s, violations of the FMLA were willful, intentional and not done in good faith.

43. Pursuant to 29 U.S.C. §2617(a)(1)(iii), O'DELL is entitled to an award of liquidated damages from Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., equal to the sum of the amount of all salary, wages, bonuses, employment benefits, and other compensation denied to or lost by O'DELL by reason of FIRSTSERVICE RESIDENTIAL's violations of 29 U.S.C. §2615(a)(1).

44. Pursuant to 29 U.S.C. §2617(a)(3), O'DELL is entitled to all reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action to be paid by Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.

WHEREFORE, Plaintiff, ROBERT O'DELL, demands judgment against Defendants, jointly and severally, INTERACTIVE DATA, LLC and RED VIOLET, INC., for back pay, employment benefits, other compensation including bonuses, liquidated damages, equitable relief including but not limited to front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff, ROBERT O'DELL, reasserts and reaffirms the allegations of Paragraphs 1 through 30 and further states that this is an action against Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., for Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

45. The FMLA, 29 U.S.C. §2601 *et seq*., prohibits an employer from retaliating against an eligible employee who has (a) obtained and/or attempted to obtain the benefits and

protections of the FMLA; or (b) otherwise triggered the protections of, or engaged in activity protected by, the FMLA.

46. In addition, the FMLA, 29 U.S.C. §2615, prohibits an employer from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the Act.

47. On multiple occasions in late July 2021 during his employment with Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., O'DELL exercised, and/or attempted to exercise, his rights under the FMLA in accordance with 29 U.S.C. §§2612(a)(1)(C).

48. By exercising and/or attempting to exercise his rights under the FMLA on multiple occasions in late July 2021 during his employment with Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., including but not necessarily limited to O'DELL's right to medical leave under the FMLA, O'DELL engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq.*, triggering the protections of the FMLA, specifically including but not limited to O'DELL's rights pursuant to: (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to his position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon his return from leave.

49. Multiple members of management of Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., including but not limited to Ana Williams, HR Director, and Scott Smith, Vice President of Sales, received notice about and had knowledge in July 2021 of O'DELL's "serious health condition(s)" under the FMLA.

50. Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., were fully aware and/or should have been aware in July 2021 of their legal obligations as an employer covered by the FMLA.

51. At all times material to this action, O'DELL satisfactorily performed his essential job duties as a Sales Manager for Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.

52. On July 29, 2021, Defendants retaliated against O'DELL and unlawfully terminated Plaintiff's employment in violation of 29 U.S.C. §2615(a)(1) when Defendants fired O'DELL for one or more reasons which were false and/or pretextual and instead was actually because of Plaintiff's need for FMLA leave and/or his exercise of his right to leave under the FMLA.

53. A motivating factor behind Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.'s, decision to terminate O'DELL's employment in July 2021 was retaliation against O'DELL because Plaintiff: (a) needed and sought time off from work on one or more days beginning in late July 2021 for FMLA-qualifying reasons; and (b) Defendants' knowledge that O'DELL sought and/or triggered the protections of the FMLA, including the benefits and protections associated with leave and job reinstatement guaranteed by the FMLA, all in violation of 29 U.S.C. §2615(a)(1).

54. The reasons proffered by Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., in July 2021 for terminating O'DELL's employment were false and were known to be false by Defendants at the time of O'DELL's termination and instead was a pretext for Defendants' intentional violations of O'DELL's rights under the FMLA.

55. By subjecting O'DELL to retaliation and terminating O'DELL's employment in July 2021 because Plaintiff exercised and/or attempted to exercise his rights under the FMLA, as guaranteed by, *inter alia*, 29 U.S.C. §2612(a)(1)(C), Defendants intentionally retaliated against O'DELL in violation of the FMLA.

56. As a result of Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.'s, violations of O'DELL's rights protected by the FMLA, Plaintiff has suffered damages including but not necessarily limited to unpaid wages and lost employment benefits.

57. Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.'s, violations of the FMLA were willful, intentional and not done in good faith.

58. Pursuant to 29 U.S.C. §2617(a)(1)(iii), O'DELL is entitled to an award of liquidated damages from Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC., equal to the sum of the amount of all wages, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendants' violations of 29 U.S.C. §2615(a)(1).

59. Pursuant to 29 U.S.C. §2617(a)(3), O'DELL is entitled to all reasonable attorneys' fees, expert witness fees, and other costs of the action to be paid by Defendants, INTERACTIVE DATA, LLC and RED VIOLET, INC.

WHEREFORE, Plaintiff, ROBERT O'DELL, demands judgment against Defendants, jointly and severally, INTERACTIVE DATA, LLC and RED VIOLET, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, equitable relief including but not limited to reinstatement and/or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## **JURY TRIAL DEMAND**

ROBERT O'DELL demands trial by jury on all issues so triable.

Dated:  September 17, 2021                    Respectfully submitted,

                                By:    **s/KEITH M. STERN**
                                       Keith M. Stern, Esquire
                                       Florida Bar No. 321000
                                       E-mail:  employlaw@keithstern.com
                                       LAW OFFICE OF KEITH M. STERN, P.A.
                                       80 S.W. 8th Street, Suite 2000
                                       Miami, Florida 33130
                                       Telephone:  (305) 901-1379
                                       Fax:  (561) 288-9031
                                       Attorneys for Plaintiff

# EXHIBIT A

From: **Ana WIlliams** <awilliams@redviolet.com>
Date: Thu, Jul 29, 2021 at 1:08 PM
Subject: IDI - Separation Communication
To: odell83@gmail.com <odell83@gmail.com>
Cc: Fauzia Jamaluddin <fjamaluddin@redviolet.com>

Dear Robert,

This email is to confirm our discussion regarding your separation from the company. Your employment has been terminated effective immediately for failure to comply with company policies and procedures, including company Covid-19 protocols. The multiple failures to comply with company policies include, without limitation, the following:

- November 2020 – your admitted violation of company protocol by failing to report the results of your Covid test prior to returning to the office;
- May 2021 – the company had to speak with you about multiple employee reports of your walking around the office without a mask despite the company's same day update to its Covid protocols mandating masks remain for all unvaccinated personnel; and
- July 2021 - your reporting to work while sick with Covid symptoms in violation of the company's policies, including the company's self-certification Covid policy, and acknowledgement in writing, <u>after several days in the workplace</u>, of Covid symptoms ("I will be leaving the office and WFH for the remainder of the day. I have not been feeling well over the last few days. I am suffering from chronic cough, severe migraines, and an achy body."); failure to communicate with HR regarding Covid testing status for contact tracing purposes.

Please note that your Medical, Vision and Dental benefits will continue until Saturday, July 31st at midnight. You will be sent Cobra information from or vendor. You will still have access to ADP for your W-2's and 401k for a rollover form when you are ready.

If you have any questions, please do not hesitate to contact me.

Sincerely

**Ana Williams | HR Director**

**Red Violet, Inc. (NASDAQ: RDVT)**

2650 N. Military Trail, Suite 300

Boca Raton, FL 33431

561-757-4052 Direct

awilliams@redviolet.com

www.redviolet.com

Our Brands:



Please let me know if you require additional information.

Robert O'Dell